# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:03cr109

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CURTIS ANDREW BACKER.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on the joint request for a competency hearing. On November 22, 2005, a hearing was conducted for the purpose of determining whether defendant was competent to proceed to trial as provided in 18, United States Code, Section 4241(d), based on his present mental condition.

At the beginning of the hearing, the government tendered the Forensic Report dated October 11, 2005, which found that defendant lacked sufficient current mental capacity to proceed to trial. In summarizing the forensic report, the Warden of the Federal Medical Center in Butner, North Carolina, found that

> Mr. Backer suffers from a severe mental disease. His competency-related functioning is significantly impaired as a result of that disease.

Particia R. Stansberry, Letter of October 11, 2005, at 1. The forensic evaluation likewise found that defendant

> suffers from a severe mental disease and appears to be experiencing a continuous manic episode. He has refused medications that would stabilize his condition. Without medication, his condition is unlikely to change.

Forensic Report, at 8.

At the hearing, defendant appeared and testified. At the conclusion of such testimony the defendant expressed a desire to proceed to trial, and both the United States and counsel for defendant agree that defendant was now competent to stand trial. Based on the court's observation of defendant, it was apparent that defendant had been taking his prescribed medications, that such medications had a positive impact on his demeanor, and that defendant appeared to be a totally different person than he was before he was transferred for evaluation. Evidence was, therefore, presented that defendant had attained additional capacity; however, close review of the Forensic Report gives the court some pause in finding that defendant has attained sufficient and sustained mental capacity to proceed to trial.

To that end, the court will Order that defendant be returned to the same mental health facility for a follow-up evaluation in accordance with 18, United States Code, Section 4241(b) to determine whether he is <u>now</u> competent to proceed to trial by attaining sufficient mental capacity to proceed to trial and whether any such improvement is likely to be sustained. The court desires, specifically, an opinion on whether defendant's "continuous manic episode has ended" and whether he is now in a depressive or neutral state.

Having conducted a hearing as required by Section 4241(c), the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that **CURTIS ANDREW BACKER**

(1) is remitted to the care and custody of the Attorney General for a follow up Mental Health Evaluation not inconsistent with this Order, all pursuant to 18, United States Code, Section 4241(b). For purposes of determining the forty-five (45) day period, the examination is deemed to commence on the day defendant is admitted to the mental health facility.

(2) **THE WARDEN OR THE CASE MANAGER** of the designated facility is instructed that requests for extension of the 45-day examination period must be in a writing mailed to the Clerk of this court, with copies sent to defendant's counsel, the United States Attorney, and the United States Marshal.

(3) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General to examine defendant, shall prepare a psychiatric or psychological report pursuant to the requirements of 18, United States Code, Section 4247(c).

(4) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General, shall forward the original report to this court, **a copy to the Clerk of this court**, a copy to counsel for CURTIS ANDREW BACKER, and a copy to the United States Attorney.

(5) **THE UNITED STATES MARSHAL,** shall transport defendant CURTIS ANDREW BACKER to the mental health institution, which shall be designated by the Attorney General, and return defendant CURTIS ANDREW

BACKER immediately upon completion of the examination to the Western District of North Carolina where bond, if any, may resume.  **The United States Marshal is permitted a total of 10 days within which to transport CURTIS ANDREW BACKER to and from the mental health institution.** If bond has not been allowed, the defendant shall remain in the custody of the United States Marshal.

(6) **THE UNITED STATES MARSHAL** shall provide defendant with medications, if any, as prescribed by a licensed physician pending and during transportation to the mental health institution designated by the Attorney General.

(7) **COUNSEL FOR DEFENDANT** is instructed that in the event psychiatrists or psychologists employed by the government determine that defendant is competent to stand trial, counsel for defendant may promptly, thereafter, file a motion for appointment and examination by independent experts.  Such a motion must be accompanied by an affidavit of counsel describing the "pronounced irrational behavior" of defendant such attorney has observed, Pate v. Robinson, 383 U.S. 375, 385-86 (1966), averring and documenting that defendant has not been able to "consult with his lawyer with a reasonable degree of rational understanding," and showing that it is counsel's belief that defendant does not have a "rational as well as factual understanding of the

proceedings against him."  Penry v. Lynaugh, 492 U.S. 302, 333 (1989).  The filing of such a motion will not be cause for continuance from a trial calendar and motions which are not filed in good faith may result in the imposition of sanctions.

(8) In the event mental health professionals at the designated federal facility determine that defendant is presently insane or not competent to stand trial, the **PSYCHIATRIST OR PSYCHOLOGIST** at the designated facility shall conduct such further tests as may be appropriate to determine whether defendant's release into the community would create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect.  18 U.S.C. Sect. 4243(e).  The results of such testing and the conclusions drawn therefrom should be appended to and sent along with the psychological report.

**THE CLERK OF COURT** is directed to *certify* copies of this Order to counsel for defendant, the United States Attorney, the United States Marshal, and the designated mental health facility also in the care of the United States Marshal.

**Signed: December 5, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge